**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Juan Hernandez Sanchez,       )    No. CV-09-00999-PHX-FJM
                        )
        Plaintiff,       )    **ORDER**
                        )
vs.                   )
                        )
                        )
Michael J. Astrue, Commissioner of Social)
Security Administration,      )
                        )
        Defendant.     )
                        )
_____)

    The court has before it the Commissioner's motion to dismiss (doc. 12), plaintiff's response (doc. 13), and the Commissioner's reply (doc. 14). We also have before us plaintiff's motion to withdraw (doc. 15). The Commissioner did not respond.

    On May 11, 2009, plaintiff filed a complaint claiming benefits under the Social Security Act (doc. 1). The Commissioner contends that dismissal is proper under Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction because plaintiff has not exhausted his administrative remedies and therefore he has not received a final decision under the Social Security Act, 42 U.S.C. § 405(g). In response, plaintiff alleges that he made a request for reconsideration. However, it is apparent that he has not received a hearing or requested review by the Appeals Council. Although the exhaustion requirement may be waived under certain circumstances, we conclude that waiver is inappropriate because plaintiff's claims are not collateral to his claims for benefits. See Kildare v. Saenz, 325 F.3d

1078, 1082 (9th Cir. 2003). Without administrative exhaustion or waiver, we lack subject matter jurisdiction to consider plaintiff's claims under the Social Security Act. See Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989). Therefore, plaintiff's claims are dismissed without prejudice. Plaintiff's motion to withdraw (doc. 15) is now moot and it is denied for that reason.

The court notes that plaintiff's "notice: motion to withdraw" asks the court, in its discretion, to allow plaintiff "to either remain in the case or to withdraw from it and go back to the Social Security Administration to finish the remaining administrative steps." Notice: Motion to Withdraw at 3. Under Rule 41, Fed. R. Civ. P., a plaintiff may voluntarily dismiss an action through a notice of dismissal without a court order where neither an answer nor a motion for summary judgment has been served. We do not treat plaintiff's "notice: motion to withdraw" as a notice of dismissal because plaintiff appeals to the court's discretion and does not specifically request dismissal. We note for plaintiff's benefit that the result in this case, dismissal without prejudice, would be the same were his motion to be construed as a notice of dismissal.

Plaintiff is advised to exhaust his remedies before the Social Security Administration. He is also advised to seek the advice of counsel. If he does not have a lawyer, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar Association at (602) 257-4434.

**IT IS ORDERED GRANTING** the Commissioner's motion to dismiss without prejudice (doc. 12).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion to withdraw (doc. 15).

DATED this 24th day of September, 2009.

Frederick J. Martone

Frederick J. Martone
United States District Judge